IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEANNE DANIELS                                                                                      PLAINTIFF

V.                             NO. 10-5219

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jeanne Daniels, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed for DIB and SSI on November 5, 2005, alleging disability due to various impairments since May 12, 2005. (Tr. 38). Plaintiff alleged an inability to work due to chronic hepatitis C, sclerosis and spurring, bulging disc with thoracic and lumbar pain, mixed anxiety with depressed disorder, PTSD, chronic pain, vertigo with difficulty concentrating, degenerative joint disorder, pain and nerve damage in both shoulders, and chronic bronchitis.

-1-

(Tr. 149, 207). For DIB purposes, Plaintiff maintained insured status through June 30, 2008. (Tr. 149). On December 27, 2007, the ALJ rendered a decision finding Plaintiff was not disabled. (Tr. 44). On June 20, 2008, the Appeals Council issued an order remanding this matter to the ALJ for resolution of certain issues. (Tr. 16-17).

Subsequent to the Appeals Council remand, administrative hearings were held before the ALJ on December 17, 2008 (Tr. 1059-1100) and August 7, 2009 (Tr. 1044-1058), at which, Plaintiff appeared with counsel and testified.

By written decision dated September 10, 2009, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - hearing loss, degenerative joint disease, degenerative disc disease, carpal tunnel syndrome, hepatitis C, adjustment disorder, and polysubstance dependence. (Tr. 25). However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot reach overhead. She cannot do any sustained driving. She cannot perform any telephone work activities. She cannot perform any rapid, repetitive flexing of the wrists. She cannot climb scaffolds, ladders, or ropes. She cannot work around unprotected heights, dangerous equipment, or machines. She can occasionally climb ramps and stairs and stoop, bend, crouch, crawl, kneel, and balance. From a mental standpoint, she is able to perform non-complex routine repetitive work where superficial contact is incidental to work performed with the public and co-workers, complexity of tasks is learned and performed by rote with few variables and little judgment, and supervision is specific, direct, and concrete.

(Tr. 26). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable

to perform any past relevant work, but would be able to perform other work, such as a hand packager and plastics worker. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 10, 2010. (Tr. 11-13, 1041-1043). The Appeals Council made the additional evidence of Dr. Kendrick's notes dated February 12, 2010 to August 5, 2010, part of the record, and considered this evidence in denying review. (Tr. 14). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

The Court has concerns about the ALJ's assessment of Plaintiff's subjective complaints. Specifically, in discussing Plaintiff's daily activities, the ALJ stated that Plaintiff was the

caregiver for her fiancé in the two years prior to his recent death. Plaintiff testified that before hospice came to their home to take care of her fiancé, he was nevertheless able to do basically everything for himself. (Tr. 1080). The ALJ also stated that Plaintiff was able to drive and shop for groceries and go to appointments. However, Plaintiff denied having a driver's license, and testified that she was afraid to drive, and that her hands would fall asleep when she drove. (Tr. 551, 1090, 1137). In addition, the ALJ stated that Plaintiff was able to "shop for groceries." (Tr. 25). However, Plaintiff testified that she had been living on a gallon of milk and a carton of eggs and three minute noodles. (Tr. 1087). The Court believes the ALJ did not accurately represent Plaintiff's daily activities. The Court therefore finds this matter should be remanded in order for the ALJ to re-evaluate the Plaintiff's daily activities and subjective complaints.

The Court is also concerned about the fact that although the ALJ stated that Plaintiff could not perform any rapid, repetitive flexing of the wrists in her RFC assessment, she did not include such a limitation in her hypothetical question to the VE. Therefore, the hypothetical question the ALJ proposed to the VE did not fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court cannot say that there is substantial evidence to support the ALJ's finding that Plaintiff could do other work. The Court finds that this matter should be remanded in order for the ALJ to present a hypothetical question to the VE which encompasses all of the limitations given by the ALJ in her RFC assessment.

IV. **Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed

and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 21st day of March, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)